■ ARNOLD ANGERMAN, Appellant, v CITY OF WHITE PLAINS, Respondent. [775 NYS2d 874]—

In an action pursuant to RPAPL article 15 for a judgment declaring that certain restrictive covenants are unenforceable and should be extinguished, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered May 15, 2003, as, in effect, granted that

branch of the defendant's cross motion which was for an inquest on damages pursuant to RPAPL 1951 (2) to determine the value to the defendant of the extinguishment of the covenants.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion which was for an inquest on damages is denied.

The plaintiff owns real property in the City of White Plains. The deed to the property contains two restrictions which, among other things, prohibit the construction of any structure on the property, and eliminate the duty on the part of the defendant to pave the paper streets on which the property is located. The Supreme Court extinguished the restrictions pursuant to RPAPL 1951 (2) since the plaintiff established that the restrictions were of no actual and substantial benefit to the defendant due to changed conditions.

The Supreme Court erred in determining that the defendant was entitled to an inquest on damages to determine the value to the defendant of the extinguishment of the covenants. When a restriction on the use of land is extinguished, the persons seeking to enforce it are entitled to "such damages, if any" that they will sustain from extinguishment of the restriction (RPAPL 1951 [2]). The defendant was afforded an opportunity to present proof as to the damages it would suffer as a result of the extinguishment of the restrictions but failed to establish damages in quantifiable terms. Thus, the defendant was not entitled to any damages from the plaintiff as a result of the extinguishment, and that branch of its cross motion which was for an inquest on damages should have been denied (*see Orange & Rockland Util. v Philwold Estates,* 52 NY2d 253 [1981]; *Board of Educ., E. Irondequoit Cent. School Dist. v Doe,* 88 AD2d 108 [1982]).

The defendant's remaining contentions are without merit. Smith, J.P., Luciano, Adams and Rivera, JJ., concur.